UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC DANIEL,

                      Petitioner,

        -against-

SUPERINTENDENT,

                      Respondent.

25-CV-10489 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner is currently incarcerated at Clinton Correctional Facility. He brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his October 3, 2023 Bronx County judgment of conviction.

Petitioner has previously submitted a substantially similar petition challenging the same judgment. That case is pending before the Honorable Jesse M. Furman of this court under docket number 25-CV-5251 (JMF). Because this new Section 2254 petition challenges the same judgment of conviction, no useful purpose would be served by the filing and litigation of this duplicate lawsuit. Therefore, this petition is dismissed without prejudice to Petitioner continuing to pursue his challenge to his October 3, 2023 Bronx County judgment of conviction in the pending case under docket number 25-CV-5251 (JMF). If Petitioner wishes to add new grounds for relief, he must file an amended petition in the pending case under docket number 25-CV-5251 (JMF), seeking leave to do so, if required.[1]

---

[1] This new petition includes the same grounds raised in the earlier filed petition, plus a claim that Petitioner's criminal proceedings violated New York's speedy trial law, N.Y. Crim. Proc. Law § 30.30(1). *See Edwards v. Mazzuca*, No. 00-CV-2290 (RJS) (KNF), 2007 WL 2994449, at \*13 (S.D.N.Y. Oct. 15, 2007) ("[A] CPL § 30.30 claim is not the equivalent of a federal constitutional speedy trial claim made pursuant to the Sixth and Fourteenth Amendments; therefore, it cannot be reviewed in a federal *habeas corpus* proceeding.").

**CONCLUSION**

The Court dismisses this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 as duplicative of the pending case under docket number 25-CV-5251 (JMF).

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 19, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                Chief United States District Judge

2